IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

RICKIE McGINNIS,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        No. 5:14-CV-6028-DGK-SSA
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social Security,    )
                                    )
        Defendant.                  )

## ORDER REMANDING THE CASE TO THE ALJ

Plaintiff Rickie McGinnis seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his application for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, including obesity, Crohn's disease and status post colostomy bag, but retained the residual functional capacity ("RFC") to perform work as a records clerk, desk clerk, and file clerk.

Because the ALJ's opinion is not supported by substantial evidence on the record as a whole, the case is REMANDED for further proceedings.

### Procedural and Factual Background

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed the pending application on April 25, 2011, alleging a disability onset date of December 31, 2003, with a last insured date of December 31, 2008. After the Commissioner denied his application, Plaintiff requested an ALJ hearing. On September 12, 2012, the ALJ found that Plaintiff was not disabled. The Social Security Administration Appeals Council denied Plaintiff's request for review on January 7, 2014, leaving the ALJ's decision as

the Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner*, 646 F.3d at 556.

## Discussion

The Commissioner of Social Security follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work.  The evaluation process ends if a determination of disabled or not disabled can be made at any step."  *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g).  Through Step Four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff argues that the ALJ erred by devising an RFC that is not supported by substantial record evidence, because the only medical opinion in the record was more limiting. Specifically, Plaintiff contends the ALJ defined an RFC in the exertional category of "light work" without describing how the evidence supports that conclusion. In particular, the ALJ did not address an apparent conflict between the definition of "light work" and the opinion of the consultative examiner Ted Sibley, M.D. ("Dr. Sibley"), which suggests Plaintiff can perform only sedentary work.

A claimant's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). Although an RFC is a medical determination, in making this determination the ALJ must rely on all of the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). An RFC often accounts for exertional limitations, which involve strength activities like sitting, standing, lifting, pushing, and pulling. SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). Two exertional categories are relevant here. "Light work" encompasses the ability to lift no more than twenty pounds at a time. 20 C.F.R. § 404.1567(b). "Sedentary work," in contrast, only requires the claimant to lift up to ten pounds at a time. *Id.* § 404.1567(a).

Here, the ALJ formulated an RFC category of "light work" for Plaintiff. R. at 15; *see* 20 C.F.R. § 404.1567(b). However, Dr. Sibley indicated that Plaintiff was limited to lifting no more than 10 pounds, R. at 248, a limitation expressly acknowledged by the ALJ. R. at 15. The ALJ's RFC category thus directly conflicts with Dr. Sibley's opinion.[2]

---

[2] The ALJ attempted to reconcile the RFC he found for Plaintiff with Dr. Sibley's opinion by stating, "[Dr. Sibley] indicated that the claimant could only lift 10 pounds, but also stated no heavy lifting, which is inconsistent." R. at 17. Those findings are entirely consistent, so the Court finds this attempt to undermine Dr. Sibley's opinion unavailing.

The issue then is whether other evidence in the record supports the ALJ's conclusion that Plaintiff can lift up to twenty pounds and perform "light work."  Dr. Sibley's opinion was the only medical opinion addressing Plaintiff's ability to lift objects.  Notwithstanding, the ALJ stated, "[Dr. Sibley] reported that the claimant could do all reaching and postural activities on a frequent to occasional basis, but if he were really limited to 10 pounds of lifting, then his postural activities would likely be more limited."  R. at 17.  Because no record medical evidence supports this conclusion, the ALJ's conclusion is unsubstantiated, and is afforded no deference. *See Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009).

Since it appears that the RFC is unsupported by substantial evidence, the Court must remand to allow the ALJ an opportunity to clarify Plaintiff's RFC, including what exertional limitations Plaintiff has and how those limitations are supported by record evidence.

Plaintiff makes additional arguments for why the Court should remand.  Because remand is warranted for the above reason, the Court declines to address these arguments.

## Conclusion

This case is REMANDED for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:  December 17, 2014          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT